# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF YORK.

### ARGUED AT APRIL TERM, 1847.

---

INHABITANTS OF SANFORD *versus* INHABITANTS OF LEBANON.

An action by a town, wherein a pauper is found in need of immediate re-
lief, may be maintained, to recover the expenses, incurred, against the town
in which his settlement may be, as soon as the town notified has returned
an answer, denying that the settlement of the pauper was in their town,
and negativing their liability for the expenses, although commenced within
two months after notice given.

THIS action was brought to recover the sum of $80,31 for
the support of certain paupers, whose settlement was alleged
to have been in Lebanon. The notice to Lebanon was deliv-
ered on Feb. 27, 1845. On the 18th day of March following,
the overseers of the poor of Lebanon delivered a notice to
those of Sanford, " denying that the settlement of the paupers
was in Lebanon, or that they would make provision for their
support." The writ was dated the second day of April of
the same year.

At the trial before SHEPLEY J. the defendants thereupon
objected, that the action was prematurely commenced, and
could not be sustained, it having been brought within two
months from the time, that notice was given by the plaintiffs
to the defendants, that the paupers in question had become

chargeable. The presiding Judge overruled the objection. If in the opinion of the Court, the objection should have prevailed, the plaintiffs were to become nonsuit; and if the decision of the Court was correct, the action was to stand for trial.

*Appleton,* for the defendants, contended that the defendants were entitled to two months wherein to make examination, and determine whether the settlement of the pauper was in their town or not, and to make settlement, if they chose, without expense. *Belmont* v. *Pittston,* 3 Greenl. 453; *Belfast* v. *Leominster,* 1 Pick. 128.

The returning of an answer within the two months cannot vary the case. The letter, in its terms, contains no waiver, and there can be none by implication. And the overseers had no power to waive any rights of the town. 7 N. H. R. 299; 13 Mass. R. 178; 17 Mass. R. 129; 2 N. H. R. 133. The cause of action did not accrue until the expiration of two months after the notice was sent, and therefore this suit cannot be maintained.

*Paine* and *Kimball,* for the plaintiffs, said that the cause of action accrued immediately upon furnishing the supplies, and the statute does not forbid bringing a suit immediately. If the defendant town chooses to wait until the last moment of the time allowed for making their determination, whether to take the pauper and pay the expenses, or contest the *claim,* the case cited from the third of Greenleaf might be in point, that the action could not properly be brought before that time. But even that decision can be supported only by the particular language of the stat. 1821, c. 122, § 17. The word "*then*" in that statute, implying that the action could not be commenced until *then,* is omitted in the corresponding section of the Revised Statutes. Rev. Stat. c. 32, § 43.

When the defendants answered the notice, all the preparatory steps were at an end, and the action might then well be brought. 8 Mass. R. 104; 3 Conn. R. 553 and 588.

The opinion of the Court was drawn up by

WHITMAN C. J. — Certain paupers, having become charge-able to the plaintiffs, and they supposing them to have their settlement in the town of Lebanon, notified the overseers of the poor of that town, as by law provided, in order to have the paupers removed and to obtain payment of the expenses of their support ; to which the defendants, by their overseers, replied, that the paupers had no settlement in their town, and of course negativing their liability for the expenses incurred. Thereupon, and before the expiration of two months after the notice was given, this action was commenced.

The defendants contend, that the action was prematurely commenced ; and whether so or not is the question now raised for our decision. The statute does not in terms require, that such delay should take place. But it is insisted, by the coun-sel for the defendants, that this Court has decided, that such a rule is deducible from the provisions contained in the Rev. Stat. c. 32. The case cited, and relied upon to establish the point, is that of *Belmont* v. *Pittston*, 3 Greenl. 453. The reasoning of the Court in that case does seem, in its general aspect, to be to that effect. But it does not appear that the Court in that instance had in view the facts as developed in the case before us. The action may have been commenced in that case within the two months after notice, and before any reply had been returned negativing the liability of the defendants. In such case it is manifest, that the Court might well come to the conclusion that it did, for undoubtedly the defendant town is entitled to that space of time, if it sees fit to use it, in making the necessary inquiries to ascertain its liability ; and if liable, to remove the pauper and pay the expenses incurred. But if it comes to the conclusion that it is not chargeable, and gives notice accordingly, there is nothing in the statute which could authorize an inference, that the plaintiff town is bound to delay the institution of a suit, to try the question of liabil-ity, a moment after receiving a negative reply. There could be no imaginable reason for such delay. It is not conceivable,

that it could be of the slightest benefit to the town sought to be charged. When the reason of a rule ceases the rule itself should cease to operate ; and will do so unless positively enjoined by statute or otherwise for the particular case.

The action, as agreed by the parties, must stand for trial upon other grounds.